```
                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF INDIANA
                      FORT WAYNE DIVISION
```

LOIS DADA, *et al.*            )
                               )
Plaintiffs,                    )
                               )
v.                             )    NO. 1:07-CV-274
                               )
THE WAYNE TOWNSHIP             )
TRUSTEE'S OFFICE, *et al*,     )
                               )
Defendants.                    )

## OPINION AND ORDER

This matter is before the Court on: (1) Defendant Wayne Township Trustee's Office's Second Motion to Dismiss (DE# 28), filed on March 17, 2008; and (2) Defendant Wayne Township Trustee's Office's Motion to Enter Summary Ruling Granting its Motion to Dismiss (DE# 31), filed on April 4, 2008. For the reasons set forth below, these motions are **DENIED**.[1]

BACKGROUND

Plaintiffs, Lois Dada and Diane Shears, filed a complaint against Defendants, Wayne Township Trustee's Office and the Wayne Township Trustee, Richard Stevenson.

According to the complaint, Plaintiffs were employees of the

---

[1] Defendant has essentially withdrawn its motion to enter summary ruling by conceding that it is not well-founded. (DE# 33, fn. 1). Thus, no further discussion on that motion is required.

Wayne Township Trustee's Office. (Cmplt ¶ 7). During a 2006 general election, Plaintiffs allegedly supported the opponent of Richard Stevenson for the position of Wayne Township Trustee. (Cmplt ¶ 8). Ultimately, though, Richard Stevenson won the election. (Cmplt ¶¶ 8, 10). Shortly after Stevenson's victory, Plaintiffs claim they were terminated from their employment based upon their support of Stevenson's opponent during the election. (Cmplt ¶¶ 9-11). According to the allegations contained in the complaint, Defendant Stevenson's actions were performed under color of state law. (Cmplt ¶ 13).

Plaintiffs' allege Defendants' actions violated their constitutionally protected exercise of their right to free expression, speech and political association. The Wayne Township Trustee's Office has filed the instant motion arguing that Plaintiffs' complaint fails to allege any facts which would give rise to municipal liability and, therefore, dismissal of the Wayne Township Trustee's Office is appropriate.

DISCUSSION

In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A complaint is not required to contain detailed factual allegations, but it is not enough merely that there

might be some conceivable set of facts that entitles the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007), abrogating in part *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A plaintiff has an obligation under Rule 8(a)(2) to provide grounds of his entitlement to relief, which requires more than labels and conclusions. *Id.* at 1965. Factual allegations, taken as true, must be enough to raise a right to relief above the speculative level. *Id.* Moreover, a plaintiff may plead himself out of court if the complaint includes allegations that show he cannot possibly be entitled to the relief sought. Jefferson v. Ambroz, 90 F.3d 1291, 1296-97 (7th Cir. 1996).

As this Court is readily aware, a municipality cannot be held responsible for the unconstitutional acts of their officers and officials under a theory of respondeat superior. *Monell v. Department of Social Service*, 436 U.S. 658 (1978). To adequately allege municipal liability in this Circuit, Plaintiffs need to allege:

> (1) the [Township Trustee's Office] had an express policy that, when enforced, causes a constitutional deprivation; (2) the [Township Trustee's Office] had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiffs' constitutional injury was caused by a person with final policymaking authority.

*McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000).

Here, Defendants are correct that Plaintiffs do not allege that they were injured by either an express policy or a widespread

practice of the Wayne Township Trustee's Office. Instead, Plaintiffs allege they were injured by the actions of Richard Stevenson, the Wayne Township Trustee.

While it is true that Plaintiffs never explicitly label Richard Stevenson as a "person with final policymaking authority," this omission is not fatal. As explained in detail below, the fact that Plaintiffs allege they were unlawfully terminated by the Wayne Township Trustee is sufficient to adequately plead they were injured by a person with final policymaking authority whose actions can subject the Wayne Township Trustee's Office to liability.

As mentioned above, Plaintiffs' failure to label Richard Stvenson as a person with final policymaking authority is not dispositive. Rather than relying on labels, this Court looks to state law to determine whether a section 1983 defendant, such as Richard Stevenson, is the kind of decision-maker with final authority whose actions can subject a municipality to liability. In Indiana, the township trustee is elected by the voters of the township, and the trustee is deemed to be the township executive. Ind. Code. § 36-6-4-2(a). The duties and powers of the trustee are set forth by statute. Ind. Code §§ 36-6-4-3 and 36-6-4-4. Under Indiana law, the trustee is empowered to "appoint and remove all deputies and other employees in his office." Ind. Code § 36-6-7-2.

Considering the Wayne Township Trustee's statutory authority as the Township executive, who has the power to hire and fire township employees, this Court can imagine a conceivable set of

facts where Richard Stevenson acted as a municipal policymaker with final policymaking authority when he terminated Plaintiffs.  Thus, Plaintiffs' allegations that they were unconstitutionally terminated by the Wayne Township Trustee is enough to survive the pleading stage of this litigation.

CONCLUSION

For the reasons set forth above, Defendant's motions are **DENIED.**

DATED:  May 14, 2008                       /s/RUDY LOZANO, Judge
                                           **United States District Court**