UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LOIS DADA and <br> DIANE SHEARS, <br>   Plaintiffs, <br> v. <br> THE WAYNE TOWNSHIP <br> TRUSTEE'S OFFICE and <br> RICHARD STEVENSON, <br> Wayne Township Trustee, <br>   Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   CAUSE NO.: 1:07-CV-274 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Verified Motion for Severance of Claims, which the Wayne Township Trustee's Office and Wayne Township Trustee Richard Stevenson filed on April 17, 2008. (Docket # 34.) For the following reasons, the Defendants' motion will be DENIED.

**I. BACKGROUND**

In fall 2006, Defendant Stevenson ran for the position of Wayne Township Trustee, and the Plaintiffs, Lois Dada and Diane Shears, who were then employees of the Wayne Township Trustee's Office, supported his opponent in the race. (Compl. ¶¶ 7, 8.) According to the Plaintiffs, following Defendant Stevenson's election victory, both of them were terminated – Dada on January 25, 2007, and Shears on January 26, 2007. (Compl. ¶ 10; Defs.' Verified Mot. for Severance of Claims ("Mot. to Sever") Exs. A, B.)

The Plaintiffs filed this § 1983 action on October 2, 2007, in the Allen County Superior Court (Docket # 1), and the Defendants removed the case to this Court on November 7, 2007.

(Docket # 2.) The Plaintiffs allege that each was terminated because of their political affiliation or for supporting Defendant Stevenson's political opponent in the 2006 election for Wayne Township Trustee, in violation of their "constitutionally protected exercise of their right to free expression, speech and political association." (Compl. ¶¶ 11, 12.) The Defendants filed the instant motion to sever claims on April 17, 2008, which the Plaintiffs oppose. (Docket ## 34, 37.) The Defendants never filed a reply to the Plaintiffs' response opposing their motion.

## II. STANDARD OF LAW

The Defendants have moved for severance of the Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 21, which provides in its entirety:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. *The court may also sever any claim against a party*.

Fed. R. Civ. P. 21 (emphasis added).

While Federal Rule of Civil Procedure 21 provides that any claim against a party may be severed, the determination of whether to sever is "committed to the broad discretion of the trial judge." *Bennett v. Sch. Dirs. of Dist. 115*, No. 96 C 2422, 1996 WL 495555, at *2 (N.D. Ill. Aug. 28, 1996); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000) ("It is within the district court's broad discretion whether to sever a claim under Rule 21."). "The practical effect of severance of previously-joined claims is the creation of two or more separate actions."[1]

---

[1] The Defendants made clear in their brief that they "seek, by way of this Motion, to have Plaintiffs' claims separated into distinct, independent actions, each resulting in their own judgment." (Mot. to Sever 1, n.1.) They asserted their belief that Rule 21 is therefore appropriate here, but "to the extent that [they] have misinterpreted the [Seventh] Circuit's guidance, they would request their relief under [Federal Rule of Civil Procedure] 42, if the Court determines that Rule to be applicable." (Mot. to Sever 1, n. 1.) Indeed, because the Defendants request that the claims be separated into independent actions resulting in their own judgments, the Defendants were correct that Rule 21 is applicable. *See Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) ("[S]everance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either

*Hohlbein v. Heritage Mut. Ins. Co.*, 106 F.R.D. 73, 78 (E.D. Wis. 1985).

A "district court may sever claims under Rule 21, creating two separate proceedings, so long as the two claims are 'discrete and separate.'" *Gaffney*, 451 F.3d at 442 (citing *Rice*, 209 F.3d at 1016). Severance of claims is appropriate when parties are improperly joined as a result of failing to satisfy "the preconditions for permissive joinder of parties set forth in Rule 20(a)", *Bennett*, 1996 WL 495555, at *3 (internal quotation marks and citation omitted); *see also O'Sullivan v. City of Chicago*, No. 01 C 9856, 2007 WL 671040, at *9 (N.D. Ill. March 1, 2007); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1683, p. 475 (3rd ed. 2001), *i.e.*, the claims do not arise from the "same transaction, occurrence, or series of transactions or occurrences" and do not present "any question of law or fact common to all plaintiffs . . . in the action[,]" Fed. R. Civ. P. 20(a)(1)(A), (B). Furthermore, "[i]n deciding whether severance is appropriate, a court should consider the convenience and fairness to parties as well as the claim's separability in logic and law. A court's decision should serve the ends of justice and facilitate the prompt and efficient disposition of the litigation." *Bennett*, 1996 WL 495555, at *2 (citations omitted); *Hohlbein*, 106 F.R.D. at 78.

In other words, factors courts consider when analyzing a motion to sever under Rule 21 include "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate

---

one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.") (internal quotation marks and citation omitted). The Court will proceed with its analysis accordingly.

3

claims." *In re High Fructose Corn Syrup Antitrust Litig.*, 293 F. Supp. 2d 854, 862 (C.D. Ill. 2003) (citations omitted).

### III.  ANALYSIS

*A.  The Plaintiffs' Claims Arise Out of the Same Series of Transactions or Occurrences.*

The Defendants assert that the "Plaintiffs' claims arise out of separate and distinct transactions and occurrences" because they "were not terminated at the same time, or part of the same transaction or occurrence." (Mot. to Sever 2.) The Defendants' contentions, however, ultimately fail.

"[C]ourts generally view [a]ll logically related events entitling a person to institute a legal action against another ... as comprising [one] transaction or occurrence." *Bloomquist v. ZLB Behring, LLC*, No. 06 C 6738, 2007 WL 2903181, at *1 (N.D. Ill. Sept. 28, 2007) (internal quotation marks and citation omitted). In considering whether claims arise out of the same transaction or occurrence in employment discrimination cases, courts consider a variety of factors including "[whether] the discrimination took place at roughly the same time, if it involved the same people, whether there is a relationship between the discriminatory actions, whether the discriminatory actions involved the same supervisor or occurred within the same department, and whether there is a geographical proximity between the discriminatory actions." *O'Sullivan*, 2007 WL 671040, at *9 (internal quotation marks and citations omitted); *see also Berry v. Ill. Dept. of Human Servs.*, No. 00 C 5538, 2001 WL 111035, at *17 (N.D. Ill. Feb. 2, 2001). These factors are present in the instant case.

To begin, the discriminatory events – the Plaintiffs' job terminations – occurred "roughly [at] the same time." *Id*. at *9. In asserting that the Plaintiffs' claims arise out of distinct

4

transactions and occurrences, the Defendants place great import on the fact that "Plaintiff Dada was terminated on January 25, 2007, and Plaintiff Shears was terminated on January 26, 2007." (Mot. to Sever 2-3.)  Although the actual terminations of each Plaintiff may have been discrete events, their close temporal proximity, on two consecutive days in January 2007 in the wake of Defendant Stevenson's election to office, seemingly *support* the Plaintiffs' contention that their terminations were related.  Furthermore, the Defendants' "argument ignores the plain language of the Rule, which requires only that the claims arise out of the same *series* of transactions or occurrences," *O'Sullivan*, 2007 WL 671040, at *9, and thus that each was terminated on different days is not necessarily determinative.

In addition, both Plaintiffs worked in the same geographic location, the Wayne Township Trustee's Office, for the same supervisor, Defendant Stevenson, and suffered the same adverse employment action, termination.  Defendant Stevenson was the supervisor allegedly involved in the terminations, and both Plaintiffs claim that both of their terminations were in retaliation for their political support of the opposing candidate in the prior election.  These commonalities support the Plaintiffs' assertion that their claims indeed arise out of the same series of transactions and occurrences and demonstrate that severance of their claims would be inappropriate.  *See Hawkins v. Groot Indus., Inc.*, 210 F.R.D. 226, 230 (N.D. Ill. 2002) ("[T]he allegations refer to discrimination during the same general time period, allege the same type of adverse employment actions, allege the same type of discrimination . . . and appear generally to accuse the same set of supervisors at the same work location, all factors favoring joinder.") (citing *Berry*, 2001 WL 111035, at *17).

5

### B. The Plaintiffs' Claims Present Common Questions of Law and Fact.

The Defendants maintain that although both Plaintiffs allege violations of their rights to political speech, "the vast majority of the legal and factual questions are separate and distinct" because each was fired for different reasons and the damages analysis would entail separate determinations for each Plaintiffs' salary and employment circumstances. (Mot. to Sever 3.) This argument also fails to carry the day.

To begin, the facts surrounding both Plaintiffs' claims are nearly identical. Both allege that they campaigned for Defendant Stevenson's opponent for Wayne Township Trustee in the fall 2006 election, engaging in at least some of the same campaign activities, such as attending campaign meetings and placing signs in their yards. (Compl. ¶ 8; Resp. Br. Ex. B at 7-8, Ex. C at 7-8.) They assert that Defendant Stevenson was aware of their activities and that he terminated them shortly after winning the election as a result of this "political affiliation and/or support." (Compl. ¶¶ 9-11.) Both Plaintiffs contend that in a meeting on January 2, 2007, Defendant Stevenson addressed his staff and stated that the former trustee "pleaded for [their] jobs" but since none of them worked on his campaign he does not owe them anything. (Resp. Br. Ex. B at 10-11, Ex. C at 9, 11.) The truth of this and the other alleged statements regarding the Plaintiffs' support of Defendant Stevenson's political opponent relate to *both* Plaintiffs' discrimination and retaliation claims, supporting joinder rather than severance.

Furthermore, the Plaintiffs' legal claims of discrimination and retaliation are also identical; both seek to enforce their constitutional rights to "free expression, speech and political association" through § 1983. (Compl. ¶¶ 5, 11.) Thus, the Defendants' assertion that the "vast majority of the legal . . . questions are separate and distinct" is not convincing.

6

The Defendants argue that severance is proper because there will be issues unique to each Plaintiff, such as the reasons for their terminations and the analysis of their damages claims. While these factors add some weight to the argument for severance, the common allegations that an actor with final policymaking authority, Defendant Stevenson, decided to fire both Plaintiffs for their involvement in his electoral opponent's campaign make joinder proper in this instance. "[T]he 'discriminatory character of the defendants' conduct is . . . basic to each plaintiff's recovery. The fact that each plaintiff may have suffered different effects from the alleged discrimination is immaterial for the purposes of determining the common question of law or fact.'" *Rochlin v. Cincinnati Ins. Co.*, No. IP00-1898-CH/K, 2003 WL 21852341, at *13 (S.D. Ind. July 8, 2003)  (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1334 (8th Cir. 1974)) (collecting cases). It would not be a proper exercise of the Court's discretion to sever what is essentially a "unitary problem." *In re High Fructose Corn Syrup Antitrust Litig.*, 293 F. Supp. 2d at 863 (citing *Hebel v. Ebersole*, 543 F.2d 14, 17 (7th Cir. 1976); *Rice*, 209 F.3d at 1016).

Consequently, the Plaintiffs' claims present common questions of law and fact, cutting against the Defendants' proposition that the claims ought to be severed.

*C. The Benefits of Judicial Economy Outweigh Any Potential Prejudice to the Defendants.*

Judicial economy is best facilitated if the claims remain structured as they presently are. Contrary to the Defendants' position, the Plaintiffs intend to offer the same or substantially the same testimony from the same witnesses. In fact, the lists of witnesses significantly overlap; Plaintiff Shears's list has more witnesses but includes most of those Plaintiff Dada identified. (*Compare* Def. Br. Ex. E at 10-11, *with* Ex. F at 12-15.) If the claims are severed, there will be a significant risk that witnesses will have to repeat their testimony at duplicate trials, such as with

7

regard to Defendant Stevenson's alleged statements at the January meeting. Instead, the Court will most economically and efficiently hear the evidence in the same trial. *See, e.g., Abel v. Rockwell Automation, Inc.,* No. 4:04-cv-184, 2007 WL 968761, at *7 (S.D. Ind. Feb. 23, 2007) (holding that to grant a motion to sever claims would be inconsistent with Rule 21's goals "of efficiency, convenience, and avoiding prejudice" where "the collective evidentiary picture [was] relevant to each plaintiff individually, and separate trials would require repetition of a great deal of common evidence").

The Defendants contend that severance would avoid potential prejudice eliminating the "'piling on effect' of having multiple, but unrelated, wrongful firing claims presented." (Mot. to Sever 4.) However, this Court has determined *supra* that the claims are not unrelated, but stem from the same series of occurrences surrounding the Plaintiffs' support of Defendant Stevenson's opponent in the fall 2006 election. Therefore, there is no "piling on" of unrelated claims. Although the Defendants conclusorily state that "the jury would be forced to consider evidence that would be irrelevant and inadmissible to one Plaintiff's claim, solely because it was relevant to the claim of the other" (Mot. to Sever 4), the Defendants point to no specific inadmissible and irrelevant evidence that would be so prejudicial as to outweigh the judicial economy of trying the claims together.

Moreover, there are only two Plaintiffs in this case, and the issues regarding the terminations and claims for damages unique to each Plaintiff do not auger significant jury confusion or problems with dispositive motions. The Plaintiffs' claims are centered around the allegation that Defendant Stevenson fired them for supporting his opponent in the election, and therefore "[t]he claims here are not so diverse and multiple . . . that a reasonable jury cannot

8

segregate the evidence and decide the separate claims." *Elliott v. USF Holland, Inc.*, No. NA 01-159-C-H/H, 2002 WL 826405, at *2 (S.D. Ind. March 21, 2002); *see also Rochlin*, 2003 WL 21852341, at *14 ("The risk of confusion and possible prejudice to defendant can be minimized with careful jury instructions.  Federal courts regularly call upon juries in criminal trials to make careful and separate decisions about joined criminal charges in multi-defendant cases that present challenges far greater than any that might be presented here.").  Consequently, the judicial economy of maintaining joinder of the Plaintiffs' claims outweighs any potential prejudice to the Defendants, at least at this stage in the action, and the motion to sever will therefore be denied.[2]

---

[2] To the extent that the Defendants may be requesting relief under Rule 42, which pertains to the bifurcation of trials, *see Gaffney*, 451 F.3d at 442 ("By contrast, bifurcation under Rule 42(b) is appropriate where claims are factually interlinked, such that a separate trial may be appropriate, but final resolution of one claim affects the resolution of the other."), such a request must also be denied, at least at this juncture.

Rule 42(b) provides, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  In determining whether to order separate trials under Rule 42(b), courts consider "whether separate trials would avoid prejudice to a party or promote judicial economy." *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999).  As articulated *supra* in our analysis under Rule 21, the judicial economy of trying the claims together outweighs any potential prejudice the Defendants may suffer.  Therefore, for the present, any such request must be denied.  The Court may, of course, reconsider such a request if circumstances later evince a need for separate trials.

## IV.  CONCLUSION

Accordingly, the Defendants' Verified Motion for Severance of Claims (Docket # 34) is DENIED.

SO ORDERED.

Enter for this 30th day of May, 2008.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
